UNITED STATES of America, Plaintiff–Appellee,

v.

Dona Reyes HEIT, Defendant–Appellant.

No. 07–30344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 28, 2008.

Filed Sept. 12, 2008.

Aine Ahmed, Esquire, James A. McDevitt, Esquire, Stephanie A. Van Marter, Stephanie A. Whitaker, Esquire, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Douglas D. Phelps, Esquire, Spokane, WA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Dona Heit ("Heit") appeals her conviction on charges of conspiracy to distribute and possession with intent to distribute cocaine. We affirm.

■ The district court did not err in refusing to dismiss the indictment for outrageous government conduct. Dismissal on such a basis requires a very high showing of conduct that shocks the conscience. *United States v. Smith,* 924 F.2d 889, 897 (9th Cir.1991). In this case, the government had knowledge that its informant had a thirty-year-old felony conviction, two other ten-year-old arrests on rape allegations which were not prosecuted, and had previously had a sexual relationship with a target of an investigation. These facts, however, do not rise to the level of outrageous government conduct, especially where there is no allegation of any sexual contact between Heit and Palmer in this case. *See United States v. Simpson,* 813 F.2d 1462, 1464–68 (9th Cir.1987) (no due process violation where informant was a prostitute, heroin user and Canadian fugitive who had developed a sexual relationship with defendant during the investigation).

■ Nor did the district court err in denying Heit's motion for entrapment as a matter of law. Although Palmer initially suggested the transaction and befriended her briefly, Heit had previously purchased cocaine, did not demonstrate any great reluctance to arrange the transaction, and stood to make $3,000–$5,000 from the deal. *See United States v. Tucker,* 133 F.3d 1208, 1217–18 (9th Cir.1998) (discussing relevant predisposition factors). An entrapment instruction was given and the jury, who had heard Heit testify and also heard recorded tapes leading up to her arrest, rejected the defense. Viewing the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

evidence in the light most favorable to the prosecution, we cannot say that no reasonable jury could have concluded that the defendant was not entrapped. *United States v. Si,* 343 F.3d 1116, 1124–25 (9th Cir.2003).

Finally, the district court did not abuse its discretion in limiting the cross-examination of Palmer. The 1973 conviction was inadmissible under Fed.R.Evid. 609 as too remote in time and not relevant to his bias or motives. Palmer's prior arrests were not admissible under Rule 608(b) or 404(b) and were also properly excluded by the district court under Rule 403. *See United States v. Basinger,* 60 F.3d 1400, 1408 (9th Cir.1995). The limits imposed by the district court also did not violate the Confrontation Clause of the Sixth Amendment. The jury could be sufficiently apprised of Palmer's credibility without inquiry into his history of conduct with women, which did not bear on the truthfulness of his testimony regarding Heit's entrapment defense.

**AFFIRMED.**

Paez, Circuit Judge, filed opinion dissenting in part.